Filed 6/5/25  P. v. Young CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B338344 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. A977245) |
| v. | |
| TIMOTHY YOUNG, | |
| Defendant and Appellant. | |

THE COURT:

Defendant appeals from the trial court's refusal to act on his petition for resentencing under Penal Code section 1172.1.[1] Defendant based his petition on changes in the following laws since he was sentenced: sections 1170, 1170.1 and 1172.75, Senate Bill No. 81 (2021–2022 Reg. Sess.), Senate Bill No. 620 (2017–2018 Reg. Sess.), Assembly Bill No. 256 (2021–2022 Reg.

---

[1]     All further unattributed code sections are to the Penal Code unless otherwise stated.

Sess.) and Assembly Bill No. 518 (2021–2022 Reg. Sess.). We conclude the trial court's order is not appealable and dismiss the appeal.

Appointed counsel found no arguable issues and filed a brief requesting this court to follow the procedures set forth in *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*). Where, as here, appointed counsel finds no arguable issues in an appeal that is not the first appeal after conviction, we are not required to conduct an independent review of the record. (See *id.* at p. 226.) Counsel provided defendant with a copy of the record on appeal and informed him of his right to file his own supplemental brief; and we notified defendant of counsel's brief, gave him the opportunity to file his own letter or brief stating any grounds for an appeal, contentions, or arguments that he wished to be considered, and advised him that if no supplemental brief or letter were timely filed the court could dismiss the appeal as abandoned. Defendant has filed a supplemental brief within the time allowed, but failed to state any grounds, contentions, or arguments he wished to be considered. Nevertheless, we have conducted a limited review of the record, which demonstrates the trial court did not err. (See *id.* at p. 232.)

In his petition, filed May 6, 2024, defendant alleged he was convicted in 1989 of multiple felony counts including kidnapping, robbery, rape, and sexual assault, with multiple sentence enhancements. He was sentenced to prison on January 18, 1990, for 167 years eight months, plus two life terms.

On May 21, 2024, the trial court issued the following minute order: "The Court reads and considers petitioner's 'Request for Recall of Sentence and Resentencing Pursuant to Assembly Bill 600 and Penal Code Section 1172.1' filed with the

Court on May 6, 2024.  No response is required pursuant to Penal Code Section 1172.1(c)."  Defendant filed a timely notice of appeal.

The trial court may recall a sentence under section 1172.1, subdivision (a)(1) on its own motion within 120 days of the date of commitment or at any time under the following conditions:  if the applicable sentencing laws have changed since the original sentencing, upon recommendation of the Secretary of the Department of Corrections and Rehabilitation or the Board of Parole Hearings if the defendant is incarcerated in prison, or upon recommendation of a district attorney or the Attorney General.  Here, there has been no recommendation from any of the above people, and "section 1172.1 places no constraints on the trial court's decision declining to initiate reconsideration of a sentence on its own motion." (*People v. Hodge* (2024) 107 Cal.App.5th 985, 997.)

Section 1172.1, subdivision (c) states:  "A defendant is not entitled to file a petition seeking relief from the court under this section.  If a defendant requests consideration for relief under this section, the court is not required to respond."  The trial court thus did not err in declining to respond to the petition.[2] Moreover, the trial court's decision to not respond to the petition

---

[2]    Section 1172.75 does not authorize defendant's petition any more than section 1172.1.  Proceedings must be initiated by the Department of Corrections and Rehabilitation rather than by a defendant's petition.  (*People v. Escobedo* (2023) 95 Cal.App.5th 440, 447–448; *People v. Newell* (2023) 93 Cal.App.5th 265, 268; *People v. Burgess* (2022) 86 Cal.App.5th 375, 382.)  The trial court had no jurisdiction to adjudicate defendant's petition under section 1172.75.  (*Burgess, supra*, at p. 382; accord, *People v. Gray* (2024) 101 Cal.App.5th 148, 165.)

is not an appealable order.  (See *People v. Hodge, supra*, 107 Cal.App.5th at pp. 998–999.)

## **DISPOSITION**

The appeal is dismissed.

---

LUI, P. J.          ASHMANN-GERST, J.          CHAVEZ, J.